Welch, J.
We are unanimous in the opinion that the writ must be refused. It seems quite clear to us that the levy ordered by the city council is in violation of section 648 of the municipal code. That section, as amended May 2, 1871, in so far as it applies to this case, is as follows :
“ See. 648. The aggregate of all taxes levied or ordered by any corporation, including the levy for general purposes, over and above the tax for county and state purposes, and excluding the tax for schools and school-house purposes, shall not exceed in any one year, in cities having a population of one hundred and fifty thousand inhabitants and more,, sixteen mills.”
The language of this section is unambiguous, and needs no interpretation. The section is complete within itself, and stands unaffected by any other provisions of the act. It plainly denies to cities of more than one hundred and fifty thousand inhabitants the power to levy taxes to an aggregate amount exceeding sixteen mills on the dollar, for purposes other than county, state, schools, and school-house purposes. In order to bring the tax in question, the tax for interest on the Southern Railway bonds, within this limitation, it is only necessary to show that it is a tax “ levied by” the “ corporation,” and that it is not a tax for county, state, schools, or school-house purposes. No one will contend that it is a tax for either of the last-named purposes, and it seems to us equally undeniable that it is a tax “ levied by ” the “ corporation.” Counsel for the city insist that it is to be regarded as a tax “ levied by the state,” *526 and not by the corporation, because the law under which the bonds were issued makes it the duty of the city council to levy a tax annually for payment of interest on the bonds. The answer to this claim is, that the law under which the bonds were issued does not make the levy, but merely requires it to be made. This requisition is binding upon the city council, and can doubtless be enforced against the city by the holders of the bonds, but it can not be enforced against the auditor, in the absence of a levy by the city council. The law does not execute itself. It merely enjoins a duty upon the city council, and when that duty is performed by levying the tax, surely it becomes a tax levied by the corporation, within the meaning of section 648 of the code.
And it is no answer to this view of the case to say, that had the city council done its duty in the premises, by levying only sixteen instead of the twenty mills, and by apportioning the full necessary amount for payment of interest on its public debts, the whole of the retrenchment or deficit would thus be thrown upon the other departments or funds of the city, and render the amounts apportioned to them inadequate. If such be the case, it is matter for the consideration of the legislature, and not of the court.
The writ of mandamus is issuable only in cases where the defendant refuses to perform a duty specially enjoined by law. We know of no law making it the duty of the auditor to place upon his duplicate an assessment which, on its face, is contrary to law. On the contrary, we think he performs his duty by refusing to do so.
Other questions are raised and argued in the case, but in the view we have taken of it, their consideration becomes lunnecessary.

Peremptory writ refused.

McIlvaine, O. J., White, Rex, and Gilmore, JJ., conieurred.